JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOC'S DREAM, LLC, ) | CASE NO. CV 15-2857-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANTS' |
| ) | MOTION TO DISMISS |
| vs. ) | |
| ) | |
| DELORES PRESS, INC., MELISSA ) | |
| SCOTT, ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendants' Motion to Dismiss, which was filed on June 1, 2015. (Dkt. No. 22). Having been thoroughly briefed by both Parties, this Court took the matter under submission on July 1, 2015. (Dkt No. 26).

This suit arises from disputed copyrights in the audio and visual recordings of Dr. Gene Scott's teachings (the "Works"). (Dkt. No. 1 ¶ 12, Ex. A). Previously Dr. Scott, a prominent Christian pastor, offered the works free of charge on his website. (Dkt. No. 1 ¶ 13). Defendant, Melissa Scott, claims to own the copyrights to the Works and removed the Works from the Internet after Dr. Scott's death. (Dkt. No. 1 ¶¶ 1, 15). Defendant, Delores Press, Inc., claims Melissa Scott granted them an exclusive license to use the Works. *Id.*

Plaintiff in this suit, Doc's Dream LLC, ("DDL") is seeking a declaratory judgment that Dr. Scott's copyrights in the Works were abandoned into the public domain and therefore cannot be

owned by Defendants. (Dkt. No. 1 ¶ 1). Immediately before DDL filed this action, Dolores Press, a named Defendant in the instant case, filed a separate action for copyright and trademark infringement against DDL and additional parties ("Competing Suit"). *See Dolores Press, Inc. v. Patrick Robinson, et al.*, 15-cv-02562-R-PLA.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic* Corp*. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . ." *Id.*

Declaratory relief is an equitable remedy available when legal remedies will not suffice. *Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal. App. 3d 405, 414 (1989). To state a declaratory relief claim, a plaintiff must specifically plead an actual present controversy and the facts of the respective claims concerning the underlying subject. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 658 (9th Cir. 2002). A declaratory judgment is an acceptable solution when seeking resolution of an ownership claim. *See Kyocera Commc'ns, Inc. v. ESS Techs. Int'l, Inc.*, No. 12-cv-01195, 2012 WL 2501119 (N.D. Cal. June 27, 2012).

"A declaratory action is available when the facts as alleged 'under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009*).* To determine if an actual controversy is sufficient to establish jurisdiction over a claim for declaratory judgment, the court evaluates the totality of the circumstances "on the particular facts and relationships involved." *Id.* The "actual controversy" is the same as "case or controversy" as used in article III

1. of the U.S. constitution. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1993).

Rule 13(a)(1)(a) provides, any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" must be pled as a compulsory counterclaim or not at all. Fed. R. Civ. P. 13(a)(1)(a). The rule is given broad interpretation and where claims are logically connected, invoked in the interest of judicial economy. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1197 (9th Cir. 2005). The same transaction or occurrence has been held to "require a degree of factual commonality underlying the claims." *Bravado Int'l Group Merch. Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010).

Here, it is impossible for the Court to rule upon the abandonment of Dr. Scott's copyrights in the Works because Plaintiff fails to allege that Dr. Scott did in fact have a copyright in the Works. Mere blanket statements of Dr. Scott possessing such copyrights are insufficient. This Court cannot possibly declare abandonment of a copyright if the copyrights themselves may have never existed. If the copyrights in the Works never existed, they logically cannot be abandoned. For this reason, the Court cannot grant declaratory relief as to whether Dr. Scott abandoned his copyrights in the Works.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED. (Dkt No. 22).

Dated: July 6, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE